BOUDIN, Chief Judge,
concurring.
The plea agreement provided that the defendant “agrees to plead guilty to the indictment” charging him with possessing cocaine with intent to distribute; in exchange the government agreed to recommend a reduced sentence. So the government perhaps has a plausible argument that the agreement, which was to plead guilty on specific terms and understandings, was breached when the defendant chose — however legitimately — to withdraw his plea and go to trial.
Yet because of the vague qualifier on the waiver (“under circumstances constituting a breach of this Agreement”), the language is less airtight than it might have been; and ambiguity counts against the drafter who, in this case, has greater bargaining power and more expertise. Even if the qualifying language was inserted to help the defendant, as the government claims, it muddles the meaning. So, on a strict reading of the plea language, the interpretation issue can reasonably be resolved against the government.
Policy might at first also suggest that the waiver clause be narrowly construed, tipping the balance decisively against the government. That the government might use the admissions against the defendant would surely discourage an otherwise proper withdrawal of a guilty plea. Yet the government has some basis for asking for such a waiver (apart from discouraging withdrawals). Otherwise, a defendant might claim that information provided in the plea agreement tainted evidence that the government had independently derived. Cf. United States v. Poindexter, 951 F.2d 369, 392 (D.C.Cir.1991).[7] But even if policy is neutral, the present language leaves unclear whether it applies to a plea withdrawal approved by the court based on new evidence.
Because the government may well redraft its language, a further point ought to be stressed. Even if the withdrawal motion were plainly a breach of the agreement, the district court would not be re *189 quired automatically to enforce the waiver. The waiver concerned trial rights — here, the right under Rule 410 to exclude plea discussions and related statements. For good cause, the district court can relieve a defendant of such a waiver — -just as it can relieve parties from a stipulation or refuse to honor a plea agreement’s waiver of the right to appeal when the waiver would effect a “miscarriage of justice.”[8]
In the present circumstances, the district judge thought that the withdrawal of the plea was adequately justified. The defendant had previously conceded that he had possessed and sold cocaine, and admission of these statements would largely have undercut the utility of the new trial that the court was permitting. And, the waiver clause was less than pellucid. In these circumstances, a refusal to enforce the waiver would arguably have been justified even if “the contract” were read in the government’s favor.
Defendants often have second thoughts about guilty pleas, withdrawals impose costs and sometimes seriously prejudice government interests, and the government properly resists promiscuous efforts to disavow such agreements. But a claim of innocence supported by new evidence is not lightly ignored by judges. Where a trial judge has endorsed a plausible motion to withdraw a plea on such a ground, the government — in considering appeal— should consider that the principle established may turn out to be one not much to its liking.

. The claim would not necessarily succeed. Rule 410 does not in terms apply to fruits and one circuit has said the fruits doctrine would not apply. See United States v. Rutkowski, 814 F.2d 594, 599 (11th Cir. 1987).

. See Am. Honda Motor Co., Inc. v. Richard Lundgren, Inc., 314 F.3d 17, 21 (1st Cir.2002) (stipulation); United States v. Teeter, 257 F.3d 14, 25-26 (1st Cir.2001) (waiver of right to appeal).